[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO SUPPRESS WARRANT AND MOTION TO DISMISS
The defendant has filed motions to suppress the arrest warrant and to dismiss the information in the above-entitled matter.
The defendant was arrested pursuant to a warrant issued on October 8, 1999. and is charged with Sexual Assault Third Degree, in violation of Connecticut General Statute § 53a-72, and Impairing the Morals of a Child, in violation of Connecticut General Statute § 53-21.
In his motion to suppress the arrest warrant, the defendant claims that the warrant is "defective, misleading and inaccurate" in certain respects. He also argues that the state's evidence against him is inadequate, and that the police investigation into this matter CT Page 5326 was deficient. He submitted the sworn affidavit of a witness, and made certain factual representations, to buttress those claims.
The defendant advanced similar arguments in support of his motion to dismiss for insufficiency of cause, which he filed pursuant to Connecticut Practice Book § 41-8(5).
 DISCUSSION
The defendant conceded during oral argument that he could not establish that the arrest warrant affidavit contained deliberate falsehoods or information which was submitted therein with a reckless indifference to the truth.
Accordingly, the defendant admitted that his challenge of the warrant does not satisfy the criteria set forth in Franks v.Delaware, 438 U.S. 154 (1978).
Rather, the defendant's argument is predicated on facts which he claims establish his innocence and demonstrate what he contends are glaring deficiencies in the state's case against him.
Based on the foregoing, the defendant asserts that the court should exercise its discretion to suppress the arrest warrant and dismiss the information, because there is not "sufficient cause" to place him on trial.
The arrest warrant in this matter was reviewed on October 8, 1999, by the Honorable Thomas Parker, a judge of the Superior Court. Judge Parker found probable cause and signed the warrant. The defendant was arrested on the instant charges on the following day.
Section 41-9 of the Connecticut Practice Book provides that no defendant ". . . who has been arrested pursuant to a warrant . . ." may make a motion to dismiss for insufficiency of cause.
The defendant, citing Connecticut General Statute § 54-56 and the holding in State v. Corchado, 200 Conn. 453 (1986), argues that the court may nonetheless dismiss an information where the court determines there is valid cause to do so.
While the court agrees that C.G.S. § 54-56 gives it such discretionary authority, the court also believes that it would be inappropriate, under the facts here, to grant the defendants motions.
The defendant cannot show that the warrant affidavit contains CT Page 5327 willful lies or the reckless recitation of false facts.
Although the defendant is presumed innocent, a neutral and detached judicial official has reviewed the warrant and found that probable cause exists.
The court finds that the defendant's claims concerning exculpatory evidence and infirmities in the state's case do not constitute grounds for a dismissal of the charges, or suppression of the arrest warrant. The issues and defenses raised by the defendant here would be more appropriately considered at a trial. Additionally, based on the facts known to the court, the court does not find the warrant is so defective, misleading or inaccurate as to justify the relief requested by the defendant.
Accordingly, the Motion to Suppress Warrant and Motion to Dismiss are both hereby
DENIED.
BY THE COURT: ____________________ Dyer, J.